UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAN VENTER-BARKLEY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PITTSBURG STATE UNIVERSITY,<br>1701 South Broadway<br>Pittsburg, Kansas 66762<br><br>　　Please serve:<br>　　Dr. Tom W. Bryant, President<br>　　1701 S. Broadway<br>　　Pittsburg, Kansas 66762<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No.  09-CV-2064 KHV/DJW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Jan Venter-Barkley, by and through R. Mark Nasteff, Jr. and Mitchell, Kristl & Lieber, P.C., her attorneys of record, and brings this cause of action against Pittsburg State University (hereinafter "Defendant Pitt State") for appropriate legal relief under the Americans With Disability Act, 42 U.S.C. § 121.11 *et seq.* (hereinafter "ADA"). In support of her complaint, Ms. Venter-Barkley avers and states as follows:

### JURISDICTION AND VENUE

1. This cause of action is for legal relief under the ADA.

2. Plaintiff Jan Venter-Barkley (hereinafter "Ms. Venter-Barkley") was at all relevant times hereto a resident of Orenogo, Jasper County, Missouri and resided at 16255 County Road 255, Orenogo, Missouri 64855.

3. Upon information and belief, Defendant Pitt State is an undergraduate and graduate institution of higher education organized and existing under the laws of the state of Kansas with its principal place of business at 1701 S. Broadway, Pittsburg, Kansas 66762.

4. Defendant Pitt State may be served process through service of its Chief Executive Officer, Dr. Tom W. Bryant, President.

5. Defendant Pitt State is an employer within the meaning of the ADA.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000).

7. This court has jurisdiction of this cause of action pursuant to 42 U.S.C. § 121.11 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

8. The unlawful employment practices alleged in this complaint were committed within this judicial district.

9. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391 (b) and (c).

10. Ms. Venter-Barkley exhaustively utilized the on-campus grievance procedure.

11. Ms. Venter-Barkley filed charges of discrimination and retaliation based upon disability discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about November 28, 2007.

12. Ms. Venter-Barkley's charges of disability discrimination and retaliation were filed with the EEOC within three hundred days of the last of the alleged unlawful acts.

13. Ms. Venter-Barkley received a notice of suit rights from the EEOC on or about November 12, 1008. A copy of this Notice is attached as "Exhibit A" and incorporated herein by reference.

14. This action was commenced more than sixty days after the filing of the complaint with the EEOC.

15. This cause of action was filed within ninety days of the receipt of the notice of suit rights.

16. All conditions preceding have been met prior to the filing of this Complaint.

**ALLEGATIONS COMMON TO ALL COUNTS**
(Upon information and belief, the below facts are pled with particularity
and specificity in accordance with Rule 26 of FRCP)

17. Ms. Venter-Barkley was hired by Defendant Pitt State in or about August of 2003 as an associate professor of early childhood development and the on-campus pre-school director.

18. Defendant Pitt State is an institution of higher learning to which federal financial assistance is extended directly or through another recipient, and its educational programs receive benefit from that assistance.

19. Defendant Pitt State engages in commerce.

20. Ms. Venter-Barkley performed her job duties, in part, to support the early childhood program at Defendant Pitt State and to operate the pre-school development center located on the campus of Defendant Pitt State.

21. During her tenure with Defendant Pitt State, Ms. Venter-Barkley provided services and executed her job duties successfully and to what should have been the reasonable expectations of Defendant Pitt State and its management.

22. Ms. Venter-Barkley received periodic performance reviews while employed at Defendant Pitt State.

23. In or about the fall of 2006, Ms. Venter-Barkley made known to her department chair, Dr. Duane Whitbeck (hereinafter "Dr. Whitbeck"), that she suffers from a disability, and soon thereafter she began to be targeted for adverse employment actions by Dr. Whitbeck.

24. After informing Dr. Whitbeck of her condition, Ms. Venter-Barkley was repeatedly questioned about her disability and challenged as to whether she actually had a disability by Dr. Whitbeck.

25. Ms. Venter-Barkley requested that she be allowed to have intermittent leaves due to her medical condition and further requested accommodations in her work schedule each of which were denied by Defendant Pitt State.

26. In the fall of 2006, Ms. Venter-Barkley took a brief leave of absence from work.

27. Upon Ms. Venter-Barkley's return to the work place, Defendant Pitt State, through the actions of Dr. Whitbeck, took continuing retaliatory actions against Ms. Venter-Barkley.

28. Ms. Venter-Barkley complained to management above Dr. Whitbeck and Human Resources at Defendant Pitt State regarding the retaliatory and discriminatory actions being taken against her.

29. Ms. Venter-Barkley believed that her complaints were ignored and the work place was allowed to be infiltrated with adverse employment actions, insensitive comments and direct actions taken by Dr. Whitbeck, an agent of Defendant Pitt State, to adversely effect Ms. Venter-Barkley's employment with Defendant Pitt State.

30. In or about October of 2006, Ms. Venter-Barkley applied for tenure, which was granted by her department committee.

31. Despite the recommendation for tenure, Dr. Whitbeck, an agent of Defendant Pitt State, recommended that Ms. Venter-Barkley be denied tenure.

32. The actions taken by Dr. Whitbeck to recommend against tenure, which was contrary to the recommendation of the department committee, were taken by him due to Dr. Whitbeck's desire to retaliate against Ms. Venter-Barkley.

33. In or about May of 2007, Ms. Venter-Barkley was denied tenure and thereafter terminated from her employment.

## COUNT I
### (Discrimination Under the Americans With Disability Act)

COMES NOW Ms. Venter-Barkley by and through her attorneys, and for Count I of her complaint against Defendant Pittsburg State University states and avers as follows:

34. Ms. Venter-Barkley hereby reiterates and incorporates by reference as if fully set forth in this Count I, each and every allegation and averment contained in paragraphs 1 through 33 above.

35. Ms. Venter-Barkley is a person who suffers from a disability to wit, Fibromyalgia.

36. Ms. Venter-Barkley was subjected to discrimination based upon her disability by Defendant Pitt State in the following manners:

    a. Members of management and others under the control of management made derogatory and demeaning statements towards her;

    b. Members of management permitted a work environment that allowed hostility to be directed towards Ms. Venter-Barkley;

    c.    Members of management refused to accommodate Ms. Venter-Barkley's disability;

    d.    Ms. Venter-Barkley was denied tenure; and

    e.    Ms. Venter-Barkley was terminated by Defendant Pitt State.

37. Ms. Venter-Barkley was satisfactorily performing her job duties for Defendant Pitt State at the time that Ms. Venter-Barkley was terminated.

38. Despite her satisfactory performance, Ms. Venter-Barkley was terminated by Defendant Pitt State.

39. Upon information and belief, Ms. Venter-Barkley was replaced by an employee who does not have a disability.

40. Defendant Pitt State's illegal and discriminatory actions have caused Ms. Venter-Barkley to suffer damage to her professional stature and reputation.

41. Defendant Pitt State, with actual knowledge, has deprived Ms. Venter-Barkley of her rights under the ADA and has thereby injured Ms. Venter-Barkley.

42. Upon information and belief, Defendant Pitt State's actions were discriminatory, continuously arbitrary, capricious and constitute adverse treatment of Ms. Venter-Barkley in violation of the ADA.

43. Defendant Pitt State knew the actions taken by it were unlawful at the time they were taken.

44. Defendant Pitt State's actions were intentional, willful and calculated toward Ms. Venter-Barkley and as such constituted willful violations of the ADA.

45. Ms. Venter-Barkley was monetarily damaged by Defendant Pitt State's unlawful employment practices and violation of the ADA.

46.     Defendant Pitt State's action caused Ms. Venter-Barkley to suffer humiliation, mental pain, anguish and distress.

WHEREFORE, for Count I of her complaint, Ms. Venter-Barkley prays that this honorable court:

a)     adjudge and decree that Defendant Pittsburg State University has discriminated against Ms. Venter-Barkley on the basis of her disability and the actions taken by Defendant Pittsburg State University were willful violations of the ADA;

b)     order Defendant Pittsburg State University to make Ms. Venter-Barkley whole for the economic damages she suffered as a result of Defendant Pittsburg State University's unlawful discriminatory employment practices, the value of which are believed to exceed Seventy-Five Thousand Dollars ($75,000) which includes, but are not limited to:

    1)     back pay;

    2)     wage increases that would have been received by Ms. Venter-Barkley had she not been unlawfully discriminated against;

    3)     reimbursement of any retirement and social security benefits due her;

    4)     any other monetary contributions including front pay, bonuses and benefits; and

    5)     pre-judgment interest for the damages suffered by Ms. Venter-Barkley;

c)     order Defendant Pittsburg State University to compensate Ms. Venter-Barkley for her humiliation, mental pain, suffering, anguish and distress she has suffered as a result of Defendant Pittsburg State University's unlawful employment practices;

d)     award Ms. Venter-Barkley compensatory damages as permitted by the ADA;

e)     award Ms. Venter-Barkley her costs herein, including reasonable attorneys fees; and

f)     grant such additional relief as this Court deems meet, just and right under the circumstances.

## COUNT II
### (Retaliation)

COMES NOW Ms. Venter-Barkley by and through her attorneys, and for Count II of her complaint against Defendant Pittsburg State University states and avers as follows:

47. Ms. Venter-Barkley hereby reiterates and incorporates by reference as if fully set forth in this Count II, each and every allegation and averment contained in paragraphs 1 through 46 above.

48. Ms. Venter-Barkley complained to management regarding the hostile work environment and discrimination she believed she was suffering under the ADA as well as complained about retaliation she was suffering for taking leave under the ADA.

49. Ms. Venter-Barkley objected to and complained to management personnel regarding her treatment at the hands of management and in particular, her supervisor Dr. Duane Whitbeck.

50. Ms. Venter-Barkley objected and complained to management regarding management's failure to act with regard to her complaints of discrimination and retaliation.

51. In response to legitimate complaints made by Ms. Venter-Barkley, Defendant Pittsburg State University denied Ms. Venter-Barkley tenure and terminated Ms. Venter-Barkley's employment.

8

52. The adverse employment actions taken by Defendant Pittsburg State University were retaliatory in nature against Ms. Venter-Barkley because of her opposition and objection to the discriminatory and retaliatory actions taken by Defendant Pittsburg State University.

53. Defendant Pittsburg State University's retaliatory actions have, among other things:

   a. caused Ms. Venter-Barkley loss of compensation and wages, both past and future, including fringe benefits, bonuses and retirement pay;

   b. caused Ms. Venter-Barkley both mental and physical pain, anguish and distress; and

   c. caused damage to Ms. Venter-Berkley's professional stature and reputation.

54. Defendant Pittsburg State University's retaliatory actions toward Ms. Venter-Barkley were intentional, willful, malicious and calculated towards Ms. Venter-Barkley and as such constitute willful violations of the ADA.

55. At the time Defendant Pittsburg State University retaliated against Ms. Venter-Barkley, Defendant Pittsburg State University knew or should have know such retaliation was unlawful.

56. A causal connection exists between Ms. Venter-Barkley's engagement in protected activity as described herein and the adverse actions taken against her by Defendant Pittsburg State University.

57. Defendant Pittsburg State University, with actual knowledge, has deprived Ms. Venter-Barkley of her rights under the ADA and has thereby injured her.

WHEREFORE, for Count II of her complaint, Plaintiff Ms. Venter-Barkley prays that this court:

a) adjudge and decree that Defendant Pittsburg State University has retaliated against Ms. Venter-Barkley in violation of the ADA;

b) order Defendant Pittsburg State University to make Ms. Venter-Barkley whole for her economic losses that she has suffered as a result of Defendant Pittsburg State University's unlawful retaliatory actions, the value of which are believed to exceed Seventy-Five Thousand Dollars ($75,000) including, but not limited to:

1) back pay;

2) wage increases that would have been received by Ms. Venter-Barkley had she not been unlawfully retaliated against;

3) reimbursement of any retirement and social security benefits due her;

4) any other monetary compensation including front pay, bonuses and benefits; and

5) pre-judgment interest for damages suffered by Ms. Venter-Barkley;

c) order Defendant Pittsburg State University to compensate Ms. Venter-Barkley for mental pain, suffering, anguish and distress that she has suffered as a result of Defendant Pittsburg State University's unlawful employment practices;

d) award Ms. Venter-Barkley punitive damages;

e) award Ms. Venter-Barkley her costs herein, including reasonable attorneys fees; and

f) grant such additional further relief as this Court deems meet, just and right under the circumstances.

### DEMAND FOR JURY TRIAL

Ms. Venter-Barkley demands trial by jury on all issues in this Complaint triable to a jury.

### DESIGNATION FOR VENUE

Ms. Venter-Barkley designates Kansas City as her selected venue for trial.

        Respectfully submitted,

*/s/ R. Mark Nasteff, Jr.*

R. Mark Nasteff, Jr.    KS #18940
MITCHELL, KRISTL & LIEBER, P.C.
1220 Washington, Third Floor
Kansas City, Missouri  64105
Telephone: (816) 472-7788
Telecopier: (816) 472-1956

ATTORNEYS FOR PLAINTIFF
JAN VENTER-BARKLEY