IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAN VENTER-BARKLEY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 09-CV-2064-KHV-DJW <br> ) |
| PITTSBURG STATE UNIVERSITY, | ) <br> ) |
| Defendant. | ) <br> ) |

### MEMORANDUM IN SUPPORT
### OF DEFENDANT'S MOTION TO DISMISS

Plaintiff is a professor who claims that Defendant Pittsburg State University discriminated against her on the basis of disability and retaliated against her in violation of the Americans with Disabilities Act. Defendant, however, is a state university and an arm of the State of Kansas. It is therefore immune from these claims pursuant to the Eleventh Amendment to the United States Constitution. *See Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001). Accordingly, and pursuant to Rule 12(b)(1) and (6), Defendant has moved the Court to dismiss this action.

### STANDARD

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Reg'l Health Ctr.*, 543 F.3d 1211, 1217 (10th Cir. 2008) (internal quotations omitted). Likewise, a Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). The

burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974). In considering a motion to dismiss under Rule 12(b)(1), the court has discretion to consider evidence outside the pleadings. *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995). Such consideration does not ordinarily convert the motion to a summary judgment motion under Fed.R.Civ.P. 56. *Id*.

Defendant presents the facts below from the Plaintiff's complaint.

### STATEMENT OF FACTS

Plaintiff Jan Venter-Barkley is a resident of the State of Missouri. Complaint ¶2. She worked as an associate professor of early childhood development at Pittsburg State University (PSU). Complaint ¶17. She claims that in Fall 2006, she reported to PSU management that she suffered from a disability (fibromyalgia) and requested accommodations of intermittent leave. *Id*. ¶¶ 25, 35. Thereafter, she claims, she was subject to retaliatory conduct. *Id*. ¶27. In October 2006, plaintiff applied for tenure. *Id*. ¶30. Tenure was denied in May 2007, and Plaintiff's employment at PSU was terminated shortly thereafter. *Id*. ¶¶ 31-33.

After pursuing administrative remedies, Plaintiff filed this action on February 6, 2009, against PSU. Doc 1. She seeks damages and "appropriate legal relief" pursuant to the Americans with Disabilities Act for discrimination and retaliation. Complaint, pp. 1, 7, 10.

Defendant now moves this Court to dismiss this action.

### QUESTION PRESENTED

Whether Pittsburg State University is immune from Plaintiff's ADA claims.

**ARGUMENT**

The Eleventh Amendment bars suits against a state by that state's own citizens and by citizens of another state. *Frazier v. Simmons*, 254 F.3d 1247, 1252 (10th Cir. 2001) (citing *Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 961-62 (2001)). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Garrett,* 121 S.Ct. at 962. Kansas has not consented to suit under the ADA. *Schall v. Wichita State University*, 269 Kan. 456, 466, 7 P.3d 1144, 1154 (2000).

In *Garrett*, the United States Supreme Court held that states are entitled to Eleventh Amendment sovereign immunity in cases of disability discrimination brought pursuant to the ADA. *Garrett*, 531 U.S. at 363. "Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share its Eleventh Amendment immunities." *Mehus v. Emporia State University*, 295 F.Supp.2d 1258, 1264 (D. Kan. 2004) (Vratil, J.). Defendant Pittsburg State University is such a university. *See* K.S.A. 76-711(a) (defining PSU as a "state educational institution").

Accordingly, defendant PSU is immune from Plaintiff's ADA claims, and this case should be dismissed. *See, e.g., Singer v. Board of Regents*, 2007 WL 2608002, *1 (W.D. Okla. 2007) (finding defendant entitled to sovereign immunity from plaintiff's ADA claim and dismissing case); *Mejia v. Chi*, 2006 WL 181690, *1 (D. Utah 2006) (dismissing ADA claims against state university).

THEREFORE, Defendant respectfully asks this Court to dismiss this action.

        Respectfully submitted,

        OFFICE OF ATTORNEY GENERAL
        STEVE SIX


        s/ Michael C. Leitch
        Michael C. Leitch, Deputy Attorney General
        Kansas Bar No. 19588
        Memorial Bldg., 2nd Floor
        120 SW 10th Avenue
        Topeka, Kansas 66612-1597
        Tel:    (785) 296-2215
        Fax:   (785) 291-3767
        michael.leitch@ksag.org

        *Counsel for Defendant Pittsburg State University*

Date:   March 18, 2008


## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2009, I electronically filed the foregoing with the clerk of the court by using CM/ECF system which will send a notice of electronic filing to the following:

R. Mark Nasteff, Jr.
MITCHELL, KRISTL & LIEBER, PC
1220 Washington St., Third Floor
Kansas City, MO 64105-2245
Tel:   816-472-7788
Fax:  816-472-1956
Email: marknasteff@mkllaw.com

        s/ Michael C. Leitch
        Michael C. Leitch