## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JAN VENTER-BARKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-2064-KHV-DJW |
| | ) | |
| PITTSBURG STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

Defendant is a state university and an arm of the State of Kansas.  It therefore is immune from Plaintiff's employment claims pursuant to the Eleventh Amendment.  *See Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001).  Defendant moved to dismiss on that basis and submits this brief reply in further support of its motion.

Plaintiff concedes that "the *Garrett* opinion is a hurdle."  Pl. Opp. at 4.  In an effort to overcome that hurdle, Plaintiff stretches mightily – citing cases dealing with Title II of the ADA and Congressional amendments that do not affect the *Garrett* opinion.  Plaintiff's arguments, however, demonstrate that *Garrett* is not a hurdle, it is a wall, and this case should be dismissed.

Plaintiff claims that a Second Circuit case "allowed a suit to proceed under Title II," citing *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98 (2nd Cir. 2001).  Pl. Opp. at 3.  That claim is wrong.  The court there did *not* allow suit to proceed; rather it "affirm[ed] the district court's grant of summary judgment dismissing it."  *Id*. at 113.  Even if it had, however, it would be irrelevant here, because Plaintiff's claims are brought pursuant to Title I and Title V of the ADA which deal with employment.  *See Zimmerman v. Oregon Dep't of*

*Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999) ("Congress unambiguously expressed its intent for Title II not to apply to employment."); *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001) (reversing district court's denial of motion to dismiss, "the Court's holding [in *Garrett*] necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I").

Next, Plaintiff claims that 2008 amendments to the ADA show that "Congress clearly stated its intention to countermand years of judicial restrictions of [the ADA]."  Pl. Opp. at 4. Plaintiff then quotes those amendments for nearly four pages of her brief.  Pl. Opp. at 4-8.  That block quote cites several Supreme Court cases with which Congress took issue, but nowhere is the *Garrett* case mentioned.  From that we can assume that Congress in 2008 approved *Garrett*'s 2001 holding.  *Board of County Comm'rs v. E.E.O.C.*, 405 F.3d 840, 845 (10th Cir. 2005) (court assumes Congress knows law and legislates in light of federal court precedent).

Next, Plaintiff claims Kansas has waived its sovereign immunity.  Pl. Opp. at 9 (citing *Robinson v. Kansas*, 295 F.3d 1183 1190 (10th Cir. 2002)).  *Robinson*, however, was not an ADA case, and thus it does not apply here.  In contrast, the Kansas Supreme Court has expressly found that Kansas has *not* consented to suit under the ADA.  *Schall v. Wichita State Univ.*, 269 Kan. 456, 466, 7 P.3d 1144, 1154 (2000).

Finally, Plaintiff claims she can pursue her suit for non-monetary relief.  It is true that the Court in *Garrett* noted, "Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 [ ]

(1908)." 531 U.S. at 374 n. 9. But Plaintiff's complaint shows no sign of seeking prospective injunctive relief,[1] it only seeks compensation.[2]

Moreover, even if the court were to read Plaintiff's complaint to request injunctive relief, the claim is still barred. "Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998). But the *Ex parte Young* exception is narrow. *Elephant Butte Irrigation Dist. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). "[I]t has no application against the States and their agencies, which are [immune from suit] regardless of the relief sought." *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 495 (10th Cir.1998) (citations and quotations omitted); *see also Elephant Butte*, 160 F.3d at 607 (*Ex parte Young* doctrine applies only when "lawsuit involves an action against state officials, not against the state"); *ANR Pipeline*, 150 F.3d at 1187 (any form of relief against state agency, even solely prospective injunctive relief, is barred).

Here, Plaintiff has sued only the state university where she was employed. Accordingly, she may not proceed under the *Ex parte Young* doctrine, and her complaint should be dismissed.

THEREFORE, Defendant respectfully asks this Court to dismiss this action.[3]

---

[1] *See Calderon v. Kansas Dep't of Social & Rehab. Servs*, 181 F.3d 1180, 1183 (10th Cir. 1999) (holding threshold question is whether complaint gave any indication that the plaintiff might be entitled to injunctive relief).

[2] In fact, the complaint specifically seeks front pay. *See* Complaint at 7 and 10. Front pay, however, "is not analogous to the prospective relief permitted under *Ex parte Young* ...," *Campbell v. Arkansas Dept. of Corr.*, 155 F.3d 950, 962 (8th Cir. 1998), and is awarded in lieu of reinstatement. *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003).

[3] Plaintiff makes the astonishing claim that the Defendant, an arm of the State of Kansas, "should not be able to hide behind *the cowardice of the Eleventh Amendment*." Pl. Opp. At 8 (emphasis added). Plaintiff's claim reflects a fundamental misapprehension of our Constitutional system of government. "States, upon ratification of the Constitution, did not consent to become

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX


s/ Michael C. Leitch
Michael C. Leitch, Deputy Attorney General
Kansas Bar No. 19588
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
michael.leitch@ksag.org

*Counsel for Defendant Pittsburg State University*

Date:   April 30, 2009

---

mere appendages of the Federal Government." *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 751-52 (2002). "Rather, they entered the Union 'with their sovereignty intact.'" *Id.* (quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). Immunity from private suits is an integral component of the sovereignty states retained. *Id.* (quoting The Federalist No. 39, p. 245 (C. Rossiter ed. 1961) (J. Madison)) and Alexander Hamilton). The Supreme Court's misunderstanding of that retained sovereignty in *Chisholm v. Georgia*, 2 Dall. 419, 1 L.Ed. 440 (1793) was the driving force in the passage of the Eleventh Amendment immediately thereafter. *See Alden v. Maine*, 527 U.S. 706, 714-22 (1999). Thus, sovereignty and its attendant immunity is not a product of cowardice; it is a key feature of statehood that helps maintain a check on the power of the federal government.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 30, 2009, I electronically filed the foregoing with the clerk of the court by using CM/ECF system which will send a notice of electronic filing to the following:

R. Mark Nasteff, Jr.
MITCHELL, KRISTL & LIEBER, PC
1220 Washington St., Third Floor
Kansas City, MO 64105-2245
Tel:    816-472-7788
Fax:    816-472-1956
Email: marknasteff@mkllaw.com

s/ Michael C. Leitch
Michael C. Leitch
