# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAN VENTER-BARKLEY, )
)
         **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 09-2064-KHV
PITTSBURG STATE UNIVERSITY, )
)
         **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Jan Venter-Barkley filed suit against Pittsburg State University, alleging discrimination and retaliation based on disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. This matter is before the Court on defendant's Motion To Dismiss (Doc. #4) filed March 18, 2009. Defendant argues that the Court should dismiss plaintiff's claims on Eleventh Amendment immunity grounds. For the reasons stated below, the Court sustains defendant's motion in part and overrules defendant's motion in part.

## Legal Standards

In ruling on defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).[1]

---

[1] The Supreme Court decided Iqbal on May 18, 2009, after the briefing in this case. Changes in procedural law have retrospective effect, however, unless Congress specifically dictates otherwise or a manifest injustice is created. Merchants Nat. Bank v. Safrabank, 776 F.Supp. 538, 540 (D. Kan. 1991). None of the parties have submitted supplemental briefing on this issue, and Iqbal is not dispositive of any issue now before the Court.

**Factual Background**

On February 6, 2009 plaintiff filed suit against Pittsburg State University alleging employment discrimination and retaliation based on disability. See Complaint (Doc. #1). Plaintiff seeks declaratory relief, back pay, wage increases, reimbursement of retirement and social security benefits, front pay, bonuses, benefits, pre-judgment interest, damages for mental pain, suffering, anguish and distress, punitive damages, costs and attorneys fees.

**Analysis**

Pittsburg State is an agency of the State of Kansas. K.S.A. § 76-711(a). The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies and its officials acting in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (Eleventh Amendment immunity extends to agencies that act as arms of State); Taher v. Wichita State Univ., 2007 WL 852364, 2 (D. Kan., Mar. 19, 2007). Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share its Eleventh Amendment immunities. Brennan v. Univ. of Kan., 451 F.2d 1287, 1290-91 (10th Cir. 1971); Billings v. Wichita State Univ., 557 F. Supp. 1348, 1350 (D. Kan. 1983). Therefore, unless the State of Kansas has consented to suit in federal court or Congress has abrogated its sovereign immunity, see Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990), the Eleventh Amendment prohibits plaintiff from maintaining suit against Pittsburg State in federal court under the ADA. See Young v. Univ. of Kan. Med. Ctr., No. 96-2390-KHV, 1997 WL 150051, at *1 (D. Kan. Feb. 26, 1997); Baker v. Bd. of Regents of State of Kan., 721 F. Supp. 270, 274 (D. Kan. 1989).

Plaintiff argues that under the Kansas Tort Claims Act ("KTCA"), K.S.A. § 75-6103, the

State of Kansas has expressly consented to suit in federal court. Section 75-6103 states that a governmental entity is liable for "damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state." The KTCA, however, also states that "[n]othing in this section or in the [KTCA] shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States." K.S.A. § 75-6116(g). By enacting the KTCA, the Kansas legislature has not waived Eleventh Amendment immunity from suit in federal court. See Myers v. Supreme Court of State of Kan., No. 05-4077-JAR, 2006 WL 276399, at *4 (D. Kan. Feb. 1, 2006); Haynes v. Attorney Gen. of Kan., No. 03-4209-RDR, 2005 WL 946522, at *3 (D. Kan. Feb. 23, 2005); Hamrick v. Farmers Alliance Mut. Ins. Co., No. 03-4209-JAR, 2004 WL 955273, at *7 (D. Kan. Apr. 27, 2004); Klein v. Univ. of Kan. Med. Ctr.,975 F. Supp. 1408, 1416 (D. Kan. 1997); Ndefru v. Kan. State Univ., 814 F. Supp. 54, 55 (D. Kan. 1993); Baker, 721 F. Supp. at 274.

Plaintiff further argues that because her complaint seeks non-monetary relief, the Eleventh Amendment does not bar it. The Eleventh Amendment does not bar claims for non-monetary relief under the ADA. See Swart v. State of Colo. Dept. of Corrections, No. 07-CV-2718, 2009 WL 230699, at *2 (D. Colo. Jan. 30, 2009). In Swart, the district court dismissed plaintiff's claims against the State of Colorado Department of Corrections to the extent that plaintiff sought monetary damages, but denied the motion to dismiss to the extent that plaintiff sought relief other than money damages. Id. Here, *to the extent* that plaintiff's complaint seeks non-monetary damages, it is not barred.

Finally, plaintiff argues that in its 2008 amendments to the ADA, Congress "clearly stated

its intention to countermand years of judicial restrictions of the Americans With Disabilities Act." See Plaintiff Ms. Venter-Barkley's Response To Defendant's Motion To Dismiss (Doc. #6) filed April 9, 2009 at 4. Plaintiff argues that "[t]he purpose of the amendment clearly appears to be Congress' intention to see that its legislation has the effect of righting the inequities that befall persons with disabilities." Id. at 8. Plaintiff does not cite any relevant law that the 2008 amendments abrogated Eleventh Amendment immunity.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #4) filed March 18, 2009 be and hereby is **SUSTAINED** in part and **OVERRULED** in part. Defendant's motion is denied to the extent that plaintiff seeks declaratory relief.

Dated this 16th day of November, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The Supreme Court has held that insofar as it creates a private cause of action for damages against the States for conduct that violates the Fourteenth Amendment, Title II of the ADA validly abrogates state sovereign immunity. U.S. v. Georgia, 546 U.S. 151, 158 (2006). Congress has not extended this abstention from sovereign immunity to claims arising under Title I of the Americans with Disabilities Act. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (U.S. 2001).