# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAN VENTER-BARKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 09-2064-KHV |
| PITTSBURG STATE UNIVERSITY ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Jan Venter-Barkley brings suit against Pittsburg State University, alleging discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. This matter is before the Court on defendant's Motion For Reconsideration Of November 16, 2009 Order (Doc. #9) filed November 25, 2009. Plaintiff did not respond to defendant's motion. For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir.1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir.1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992).

### Procedural Background

On February 6, 2009 plaintiff filed suit against Pittsburg State University alleging employment discrimination and retaliation based on disability. See Complaint (Doc. #1). Pittsburg State is a state educational institution in Kansas and is considered a state agency and institution. Plaintiff sought declaratory relief, back pay, wage increases, reimbursement of retirement and social security benefits, front pay, bonuses, benefits, pre-judgment interest, damages for mental pain, suffering, anguish and distress, punitive damages, costs and attorneys fees. On March 18, 2009, defendant filed its Motion To Dismiss (Doc. #4). On November 16, 2009, the Court issued its Memorandum And Order (Doc. #8) sustaining in part and overruling in part defendant's motion. Specifically, the Court dismissed plaintiff's claims for monetary and injunctive relief, but allowed plaintiff's claim for declaratory relief. On November 25, 2009, defendant asked the Court to reconsider and to dismiss plaintiff's remaining claim for declaratory relief.

**Analysis**

In its motion, defendant argues that reconsideration is needed to correct clear error. Defendant argues that the Court correctly recited the holding in Swart v. State of Colo. Dept. of Corrections, No. 07-CV-2718, 2009 WL 230699, at *2 (D. Colo. Jan. 30, 2009), but mistakenly relied on the case because it is an erroneous statement of the law. Defendant also argues that even where courts have recognized an abrogation of Eleventh Amendment sovereign immunity, the abrogation only applies to suits against state employees in their official capacity.

In citing Swart, the Court previously held that the Eleventh Amendment does not bar claims for non-monetary relief under the ADA. See Memorandum And Order (Doc. #8) at 3 (citing Swart, No. 07-CV-2718, 2009 WL 230699, at *2). In Swart, the District of Colorado held that while the Eleventh Amendment barred plaintiff's claim against the State of Colorado for money damages

under the ADA it did not bar an ADA claim against the State for relief other than money damages. Swart, 2009 WL 230699, at *2. Defendant argues that the United States Supreme Court, the Tenth Circuit and the District of Kansas have specifically rejected claims for declaratory relief based on the Eleventh Amendment. None of the cases cited by defendant, however, relate to the specific issue in this matter, i.e. the abrogation of Eleventh Amendment sovereign immunity in the context of claims brought under the ADA. See,e.g., Seminole Tribe v. Fla., 517 U.S. 44 (1996) (Indian Commerce Clause did not grant Congress power to abrogate states' sovereign immunity); Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1256 (10th Cir. 2007) (state agency entitled to Eleventh Amendment sovereign immunity in suit for damages under state law); Goin v. Kansas, No. 06-2165-KHV, 2007 WL 852372, at *3 (D. Kan. Mar. 19, 2007) (state university entitled to Eleventh Amendment sovereign immunity in breach of contract action). Furthermore, contrary to defendant's argument, courts other than the District of Colorado have held that the Eleventh Amendment does not bar ADA suits against state officials for declaratory or injunctive relief. See Ostrofsky v. Dep't of Rehab., No. 2009 WL 3011578, at *5 n.10 (E.D. Cal. Sep. 17, 2009); Tanney v. Boles, 400 F. Supp.2d 1027, 1046 (E.D. Mich. 2005); Doe v. Wigginton, 21 F.3d 733, 737 (6th Cir.1994); Uttilla v. Tenn. Highway Dep't, 208 F.3d 216 (6th Cir. 2000); Akella v. Mich. Dept. of State Police, 67 F. Supp.2d 716, 722 (E.D. Mich. 1999).

Defendant correctly argues, however, that the abrogation of Eleventh Amendment sovereign immunity for ADA claims does not apply where plaintiff brings suit against a state agency alone and not its officials. Unlike Swart, plaintiff here brought claims against only Pittsburg State University and not individual defendants in their official capacity. Therefore, the instant matter is distinguishable from Swart on those grounds.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Of November 16, 2009 Order (Doc. #9) filed November 25, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiff's remaining claim for declaratory relief be and hereby is **DISMISSED**.

Dated this 26th day of February, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge